

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| SPECTRUM ENGINEERING, INC. § | |
| § | |
| DEBTOR(S) § | CASE NO. 10-34067-H5-7 |
| § | |

## O R D E R

This dispute involves an objection to a proposed compromise under Rule 9019. The Trustee moves to compromise creditor Baker Petrolite Corporation claim against the estate. Baker Petrolite asserts that its breach of contract claim against Debtor entitles it to damages of over $16 million. Baker Petrolite Corporation has agreed to settle for $2 million in return for a right of subrogation against Debtor's professional liability policy. However, under the agreement, if there is no recovery of $2 million from the insurance, then Baker Petrolite retains its right to receive a distribution from the estate.

The former employees of debtor object to the compromise primarily because Baker Petrolite contract with debtor limited Baker Petrolite's damages to direct costs of any contract breach these cost are $1,162,409.00, the third-party replacement expenses incurred to replace Spectrum's defective construction. The remainder of the $16 million Baker Petrolite claim, comprised of lost profits due to lost production, should be rejected because the original Baker Petrolite/Spectrum Master Supplier

contract excluded all consequential damages, including lost profits and "damages for lost production."

The Court finds that the proposed compromise fails to satisfy Rule 9019 because a settlement in the amount of $2 million is not in the "best interest of the estate." The Court finds there are substantial uncertainty regarding whether the Master Supplier contract at issue covered the lost production damages claimed by Baker Petrolite in excess of its $1,162,409.00 replacement cost damages. Moreover, the estate should not be burdened with a potential $2 million claim when 42% of it may well not be a sustainable claim entitled to distribution from the limited resources of this estate.

In addition, the Court finds that a fact question exists regarding whether "time was of the essence" in this contract. The term of the contract was two years from April 9, 2007 to April 9, 2009. There is no contract language that requires speedy performance by Spectrum.

Baker Petrolite contends that its officials repeatedly told debtor about the need for prompt performance, however, Section 1 ( c) states "This Agreement constitutes the entire agreement between Supplier and the Company, and merges all prior communications with respect to the subject matter hereof." Consequently, the Court

cannot find as a matter of law, that Baker Petrolite is entitled to lost profits as direct damages due to Debtor's breach.

Signed this 8 day of March, 2011 at Houston, Texas.

_____
KAREN K. BROWN
UNITED STATES BANKRUPTCY JUDGE